UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT PERDUE, PATRICIA PERDUE, and "SCOUT", <br><br>   Plaintiffs, <br><br> v. <br><br> POSTMASTER PASCO, <br><br>   Defendant. | No. 4:19-CV-05221-SAB <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction, ECF No. 6. The motion was considered without oral argument. Plaintiffs are proceeding *pro se* and the Government is represented by Assistant United States Attorney Tim Durkin. The Government argues that Plaintiffs' Complaint should be dismissed for lack of subject-matter jurisdiction pursuant to the Postal Accountability and Enhancement Act of 2006, 29 U.S.C. § 3662 *et seq*. In what the Court construes as a response to the Motion, Plaintiffs request that the Court delay these proceedings until the Postal Regulatory Committee hears his complaint and that the Court return his filing fee. ECF No. 12. Having considered the motion and the relevant caselaw, the Court **grants** the Government's motion.

## BACKGROUND

This case arises out of an incident involving Plaintiffs' pet dog, Scout, and a U.S. Letter Carrier. On or about January 8, 2019, Letter Carrier Daniel Vasquez

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS \* 1**

submitted a Dog Interference Form after he was attacked and bit by a dog while delivering mail to Plaintiffs' home in Kennewick, Washington. ECF No. 6 at 1-2. Pursuant to U.S. Postal Service policy, Vasquez suggested that delivery to the Perdue home be halted until the issue with the dog could be corrected. ECF No. 7-3 at 32. Two days later, Plaintiffs received a Dog Interference Letter, notifying them that they were required to rent a P.O. box and pick up their mail at the Pasco General Mail Facility unless the situation with Scout was corrected by keeping Scout contained during mail delivery hours. ECF No. 7-4 at 33. On or about March 13, 2019, Vasquez submitted a second Dog Interference Form reporting that he was again attacked by Scout while delivering mail to Plaintiffs' neighbor. ECF No. 7-6 at 35. Again, Vasquez suggested the Postal Service halt home delivery to Plaintiffs' neighbor until Plaintiffs took remedial action to contain Scout. *Id.* Plaintiffs have apparently not taken any remedial action to address the Postal Service's safety concerns regarding Scout. Pursuant to U.S. Postal Service policy, the Postal Service has not reinstated mail delivery to Plaintiffs' home. *See* ECF No. 7-1. Plaintiffs filed the instant Complaint on September 6, 2019, seeking an Order from the Court directing the Postal Service to restore home delivery. ECF No. 1.

## RULE 12(b)(1) STANDARD

A court must have subject-matter jurisdiction over a matter in order to hear the case. *Lightfoot v. Cendant Mortg. Corp.*, ___ U.S. ___, 137 S. Ct. 553, 560 (2017) (citing *Pennoyer v. Neff*, 95 U.S. 714, 733 (1878)). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case based on lack of subject-matter jurisdiction. A 12(b)(1) motion can attack a case either facially or factually. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the court's inquiry is limited to the allegations in the complaint and asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, in a factual attack, the challenger "disputes the truth of the allegations

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS \* 2**

that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When considering a factual attack on subject-matter jurisdiction, the court may review evidence in the public record without converting the motion to dismiss into a motion for summary judgment. *Id.*; *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Regardless of the procedural posture of the challenge to jurisdiction, the party asserting jurisdiction has the burden of proving subject-matter jurisdiction exists. *Rattlesnake Coalition v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

**POSTAL ACCOUNTABILITY AND ENHANCEMENT ACT OF 2006**

Although not specifically cited by Plaintiffs, the Court infers that Plaintiffs are seeking relief under the Postal Accountability and Enhancement Act of 2006 (PAEA). In enacting the PAEA, Congress gave the Postal Regulatory Commission (PRC) jurisdiction to hear complaints regarding postal services and rates. 39 U.S.C. § 3662(a); *see also McDermott v. Potter*, No. C09-0776RSL, 2009 WL 2971585 at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011). Once the complainant has exhausted their options before the PRC, they may appeal a PRC judgment by filing a petition before the United States Court of Appeals for the District of Columbia. 39 U.S.C. § 3664. Under the PAEA, the district courts have jurisdiction to enforce and enjoin the Postal Service from violating any PRC judgment. 39 U.S.C. § 3664. Courts have interpreted these provisions to mean that the PRC has exclusive jurisdiction over initial complaints related to postal rates and services. *See, e.g.*, *LeMay v. U.S. Postal Service*, 450 F.3d 797 (8th Cir. 2006); *see also McDermott*, 2009 Wl 2791585 at *3, *Rodriguez v. Hemit*, No. C16-778RAJ, 2018 WL 3618260 at *2 (W.D. Wash. July 30, 2018), *Ehrlich v. United States*, No. C17-01245RAJ, 2018 WL 3608404 at *2 (W.D. Wash. July 26, 2018).

//

//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS * 3**

## DISCUSSION

Having considered the Motion, Plaintiffs' response, and applicable caselaw, the Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, the Court grants the Government's Motion and dismisses this case.

Plaintiffs' claims are based on their allegations that the Postal Service improperly suspended home delivery because of an incident with their dog, Scout. These sorts of complaints clearly fall within the "service" category of complaints and are therefore within the exclusive jurisdiction of the PRC. *See* ECF No. 7-1 at 6, 7-2 at 7; *Ehrlich*, 2018 WL 3608404 at *2 (finding that complaints related to a "dog hold" on home mail delivery was a service-related complaint and therefore the district court lacked jurisdiction). Thus, the Court must dismiss this case.

## LEAVE TO AMEND

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal. *See* Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). This is especially true when a plaintiff is proceeding *pro se*. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). However, in this case, the Court finds that granting leave to amend Plaintiffs' claims would be futile. As discussed above, the PRC has exclusive jurisdiction over claims related to postal services and rates, and district courts have jurisdiction only to enforce PRC final judgments. There are no additional facts that Plaintiffs can allege to change the Court's analysis.

//
//
//
//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction, ECF No. 6, is **GRANTED**. Plaintiffs' Complaint is **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and **close this file**.

**DATED** this 27th day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS \* 5**