FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT PERDUE, PATRICIA PERDUE, and "SCOUT", <br><br>Plaintiffs, <br><br>v. <br><br>POSTMASTER PASCO, <br><br>Defendant. | No. 4:19-CV-05221-SAB <br><br>**ORDER DENYING PLAINTIFFS' CONSTRUED MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiffs' Construed Motion for Reconsideration, ECF No. 15. The motion was considered without oral argument. Plaintiffs are proceeding *pro se* and the Government is represented by Assistant United States Attorney Tim Durkin. Plaintiffs request that the Court reconsider its Order, ECF No. 14, dismissing Plaintiffs' Complaint for lack of subject-matter jurisdiction as they raise their claims before the Postal Regulatory Commission (PRC). ECF No. 15. Having considered the motion and the relevant caselaw, the Court **denies** Plaintiffs' motion.

## BACKGROUND

This case arises out of an incident involving Plaintiffs' pet dog, Scout, and a U.S. Letter Carrier. On or about January 8, 2019, Letter Carrier Daniel Vasquez submitted a Dog Interference Form after he was attacked and bitten by a dog while delivering mail to Plaintiffs' home in Kennewick, Washington. ECF No. 6 at 1-2.

**ORDER DENYING PLAINTIFFS' CONSTRUED MOTION FOR RECONSIDERATION * 1**

Pursuant to U.S. Postal Service policy, Vasquez suggested that delivery to the Perdue home be halted until the issue with their dog, Scout, could be corrected. ECF No. 7-3 at 32. Two days later, Plaintiffs received a Dog Interference Letter, notifying them that they were required to rent a P.O. box and pick up their mail at the Pasco General Mail Facility unless the situation with Scout was corrected by keeping Scout contained during mail delivery hours. ECF No. 7-4 at 33. On or about March 13, 2019, Vasquez submitted a second Dog Interference Form reporting that he was again attacked by Scout while delivering mail to Plaintiffs' neighbor. ECF No. 7-6 at 35. Again, Vasquez suggested the Postal Service halt home delivery to Plaintiffs' neighbor until Plaintiffs took remedial action to contain Scout. *Id.* Plaintiffs have apparently not taken any remedial action to address the Postal Service's safety concerns regarding Scout. Pursuant to U.S. Postal Service policy, the Postal Service has not reinstated mail delivery to Plaintiffs' home. *See* ECF No. 7-1.

Plaintiffs filed a Complaint on September 6, 2019, seeking an Order from the Court directing the Postal Service to restore home delivery. ECF No. 1. On October 28, 2019, Defendant filed a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). In its motion, Defendant argued that the Court lacked jurisdiction over Plaintiffs' complaints because the Postal Accountability and Enhancement Act of 2006 (PAEA) grants exclusive jurisdiction over complaints related to postal service and rates to the Postal Regulatory Commission. See 39 U.S.C. § 3662(a). On December 27, 2019, the Court found it lacked jurisdiction under the PAEA and granted Defendant's motion to dismiss. On January 6, 2020, the Court received the instant motion, which has been construed as a motion for reconsideration.

## STANDARD

Documents filed pro se are "liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

**ORDER DENYING PLAINTIFFS' CONSTRUED MOTION FOR RECONSIDERATION * 2**

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, this liberal standard does not relieve the plaintiff of the burden to show that the Court has subject-matter jurisdiction over his claims. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1251 (9th Cir. 2006).

Reconsideration under either Rule 59(e) or Rule 60(b) is a drastic remedy and should be used sparingly "in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Instead, a motion for reconsideration should be granted, "absent highly unusual circumstances," only if the court is: (1) presented with new evidence; (2) committed clear error; or (3) if there is an intervening change in the controlling law. *Kona Enterprises*, 229 F.3d at 890. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**DISCUSSION**

Having considered the Motion and applicable caselaw, the Court concludes that Plaintiffs have failed to meet the high bar required for a motion for reconsideration. Plaintiffs have not introduced new evidence, shown that the Court committed clear error in dismissing their Complaint, or shown that there has been an intervening change in controlling law. Indeed, Plaintiffs' motion does not acknowledge the grounds on which their Complaint was dismissed. Even construing this motion as a motion to stay proceedings, the Court would not have jurisdiction to grant a stay—this Court cannot hear complaints related to postal services under the PAEA. Insofar as Plaintiffs' want to "hold their place in line," they would need to have a final judgment from the PRC for this Court to act. *See*

**ORDER DENYING PLAINTIFFS' CONSTRUED MOTION FOR RECONSIDERATION * 3**

39 U.S.C. § 3664. Then—and only then—would the Court have jurisdiction over Plaintiffs' claims. Accordingly, the motion for reconsideration is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Construed Motion for Reconsideration, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, to provide copies to counsel, and **close this file**.

**DATED** this 7th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' CONSTRUED MOTION FOR RECONSIDERATION \* 4**